IN THE UNITED STATES DISTRICT COURT FOR
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RODNEY GOOD and IRON WORKERS TENNESSEE VALLEY AND VICINITY WELFARE FUND; IRON WORKERS TENNESSEE VALLEY AND VICINITY PENSION FUND, and IRON WORKERS TENNESSEE VALLEY AND VICINITY ANNUITY FUND<br><br>Plaintiffs,<br><br>v.<br><br>SOUTHERN STEEL AND CONSTRUCTION, LLC; J. WARREN "SKIP" BROCK; DEBBIE BROCK; DENNY M. RUTLEDGE, JR.; and SHARON RUTLEDGE<br><br>Defendants<br><br>and<br><br>SOUTHERN STEEL AND CONSTRUCTION, LLC;<br><br>Third Party Plaintiff,<br><br>v.<br><br>QUALITY IRON FABRICATORS, INC.<br><br>Third Party Defendant. | NO. 3:17-cv-1143<br><br>JUDGE CAMPBELL<br>MAGISTRATE JUDGE HOLMES |

## ORDER AND MEMORANDUM OPINION

Pending before the Court is Third-Party Defendant, Quality Iron Fabricators, Inc.'s ("Quality") Motion to Dismiss the Third-Party Complaint of Iron Workers Tennessee Valley and Vicinity Welfare Fund, Iron Workers Tennessee Valley and Vicinity Pension Fund, and Iron

1

Workers Tennessee Valley and Vicinity Annuity Fund (hereinafter collectively "Iron Workers"). (Doc. No. 30, 31). The Iron Workers have responded in opposition. (Doc. No. 37). For the reasons discussed below, Quality's Motion to Dismiss is hereby **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Iron Workers filed their Complaint on August 11, 2017, against Southern Steel & Construction, LLC ("SSC") under the Employment Retirement Income Security Act of 1974 ("ERISA") seeking to recover employer contributions allegedly owed to the fund managed by Iron Workers (hereinafter the "Plaintiffs Funds"). (Doc. No. 1). On November 2, 2017, SSC filed a Third-Party Complaint against Quality alleging the Iron Workers' claim arose out of a construction project on which SSC provided labor, services, and materials as a subcontractor to Quality for construction of a facility located on the Vanderbilt University campus. (Doc. No. 17). On January 5, 2018, the Iron Workers asserted a third-party claim directly against Quality. (Doc. No. 25). The Iron Workers allege that Quality is liable to the Iron Workers for the same ERISA contributions that the Iron Workers seek against SSC, asserting that Quality was a joint employer with SSC starting in December 2015. (*Id.*). Iron Workers allege Quality is obligated to pay contributions to the Plaintiffs Funds as required by the collective bargaining agreement. (*Id.*).

Quality filed their Motion to Dismiss alleging the claims asserted by Iron Workers fail to set forth a cause of action upon which relief can be granted. (Doc. No. 31).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted

as true, to state a claim for relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When a complaint includes well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief. *Id*. at 1.

### III. ANALYSIS

Quality asserts the Iron Workers Third-Party Complaint fails to meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Specifically, Quality argues the Iron Workers fail to state an ERISA claim under a theory of joint employment based on the facts in the Third-Party Complaint. (Doc. No. 31). The Iron Workers respond by pointing to specific factual allegation related to joint employment liability and, based on the motion to dismiss pleading standard, the Third-Party Complaint states a claim under ERISA. (Doc. No. 37).

"In determining whether two companies can be considered a joint employer for purposes of liability under ERISA and a collective bargaining agreement, the court must consider the following four factors: (1) interrelation of operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership." *Distillery, Wine & Allied Workers Int'l Union v. National Distillers & Chemical Corp.,* 894 F.2d 850, 852 (6th Cir.), *see also International Longshoremen's Ass'n v. Norfolk Southern Corp.,* 927 F.2d 900, 902 (6th Cir.), *Metropolitan Detroit Bricklayers Dist. Council v. J.E. Hoetger & Co.,* 672 F.2d 580, 584 (6th Cir.1982). "In applying the factors, no individual factor is outcome determinative; instead, 'all the relevant factors must be considered together.'" *Trustees of the Detroit Carpenters Fringe Benefit Funds v. Industrial Contracting, LLC*, 581 F.3d 313, 318 (6th Cir. 2009). The resolution

of determining joint employment is essentially a factual issue. *Michigan State Painters Ins. Fund v. Ron Simmons Painting, Inc.*, 875 F.Supp. 417, 421 (E.D. Mich. Feb. 6, 1995) (citing *Boire v. Greyhound Corp.,* 376 U.S. 473 (1964)).

Quality asserts the Third-Party Complaint merely alleges that Quality agreed to pay for certain financial obligations of SSC and this is the sole basis for the Iron Workers joint employer theory. (Doc. No. 31 at 6). Quality argues the Third-Party Complaint does not allege that Quality and SSC have any interrelation of operations, common management, centralized control of labor relations, or a common ownership, nor does the Third-party Complaint set forth any factual basis which would amount to, or support, any such claims. (Doc. No. 31 at 8). Quality argues the Third-Party Complaint only alleges "parallel conduct" that arises "to no more than suspicion of improper conduct," which is fails to meet the plausibility pleading requirements set forth in Rule 8. (*Id.* at 8-10)(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Quality asserts that paying some of SSC's obligations is permissible business conduct and does not create a joint enterprise or joint employment for purposes of ERISA; they had a business interest in preventing a default by its subcontractor, SSC. (*Id.* at 9). Quality further argues the Iron Workers claim fails because the Third-Party Complaint pleads no more than a suspicion of improper conduct. (*Id.* at 10).

The Iron Workers responds that the Third-Party Complaint includes factual assertions supporting at least three of the four factors for determining joint employer liability, and therefore states a plausible claim for relief. (Doc. No. 37 at 4-5). The Iron Workers cite to Paragraph 9 of the Third-Party Complaint, which includes allegations that Quality agreed to pay wages to SSC under the collective bargaining agreement, were responsible for paying the contributions, and, with Quality's assumption of these responsibilities, it had control over labor relations. (Doc. No. 37 at 5; Doc. No. 25 at ¶ 8-10). Quality also made two substantial payments towards Plaintiffs Funds

and began the process of paying wages to employees covered by the collective bargaining agreement, and to vendors of structural steel. (Doc. No. 25 at ¶ 11). The Iron Workers argue, as a whole, the allegations establish a basis to conclude Quality and SSC "shared or co-determined matters governing the essential terms and conditions of employment", and ultimate success on the claims can only be determined through discovery. (Doc. No. 37 at 6)(citing *Trustees of Detroit Carpenters Fringe Benefit Funds v. Andrus Acoustical, Inc.*, 2014 WL 1746399, at *16 (E.D. Mich. Apr. 30, 2014)). Finally, the Iron Workers assert the policy behind ERISA prevents Quality from assuming responsibility for contributing to the funds, then disclaiming liability. (Doc. No. 37 at 8-9)(citing *Irigaray Dairy v. Dairy Employees Union Local No. 17 Christian Labor Ass'n of U.S. Pension Tr.*, 43 F. Supp. 3d 1080,1088 (E.D. Cal. 2014)).

Here, the Court must determine whether the Third-Part Complaint pleads sufficient facts to place Quality on notice of the claims against them. "The major factors in [joint employment] determination are the ability to hire, fire, and discipline, affect compensation and benefits, and direct and supervise performance." *Sanford v. Main St. Baptist Church Manor, Inc.,* 449 Fed. Appx. 488, 492 (6th Cir. 2011). Construing the facts in favor of the Iron Workers, the Court finds they have alleged facts to establish at the initial pleading stage that Quality and SSC were joint employers. From the facts alleged, as discussed above, the Court finds on its face that the Third-Party Complaint sufficiently alleges Quality could have had control, at a minimum, over compensation or related benefits. *See Bracken v. DASCO Home Medical Equipment, Inc.*, 954 F. Supp. 2d 686, 699 (S.D. Ohio Jun. 27, 2013). The extent of Quality's control is fact-specific and can be better addressed after discovery.

Accordingly, Defendant's Motion to Dismiss for failure to state a claim is **DENIED.**

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE