IN THE UNITED STATES DISTRICT COURT FOR
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RODNEY GOOD and IRON WORKERS<br>TENNESSEE VALLEY AND VICINITY<br>WELFARE FUND; IRON WORKERS<br>TENNESSEE VALLEY AND VICINITY<br>PENSION FUND, and IRON WORKERS<br>TENNESSEE VALLEY AND VICINITY<br>ANNUITY FUND | )<br>)<br>)<br>)<br>)<br>)<br>) | NO. 3:17-cv-1143 |
| | ) | |
| Plaintiffs, | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE |
| v. | ) | HOLMES |
| | ) | |
| SOUTHERN STEEL AND<br>CONSTRUCTION, LLC; J. WARREN<br>"SKIP" BROCK; DEBBIE BROCK;<br>DENNY M. RUTLEDGE, JR.; and<br>SHARON RUTLEDGE | )<br>)<br>)<br>)<br>) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SOUTHERN STEEL AND<br>CONSTRUCTION, LLC; | )<br>) | |
| | ) | |
| Third Party Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| QUALITY IRON FABRICATORS, INC. | ) | |
| | ) | |
| Third Party Defendant. | ) | |

## ORDER AND MEMORANDUM OPINION

Pending before the Court is Third-Party Defendant, Quality Iron Fabricators, Inc.'s

("Quality") Motion to Dismiss or stay the Third-Party Complaint of Southern Steel and

Construction, LLC, ("SSC") or in the Alternative to Compel Arbitration. (Doc. No. 21). Third-

Party Plaintiff SSC has responded in opposition. (Doc. No. 26). For the reasons discussed below, Quality's Motion for Abstention is **GRANTED**. Quality's Motion to Dismiss for lack of subject matter jurisdiction and to compel arbitration of all claims is **DENIED**.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed their Complaint on August 11, 2017, against SSC alleging causes of action pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"). (Doc. No. 1). On November 2, 2017, SSC filed an Answer to the Complaint and a Third-Party Complaint against Quality, asserting state law claims for breach of contract, indemnity[1], and violations of the Tennessee Prompt Pay Act. (Doc. No. 16, 17). With the exception of the indemnity claim, the state law claims asserted by SSC against Quality were previously asserted in a suit in the Shelby County, Tennessee Chancery Court ("State Court Action"), which remains open and active. (Doc. No. 22-1, 22-2).

On December 8, 2017, Quality filed a Motion to Dismiss SSC's Third-Party Complaint for lack of subject matter jurisdiction. (Doc. No. 21). In the alternative, Quality asserts the Court should exercise abstention and dismiss or stay SSC's Third-Party Complaint given that the claims asserted by SSC against Quality in this case are pending in the State Court Action. (*Id.*). As a final suggestion, Quality requests this Court for an Order compelling arbitration of all of SSC's claims and staying all third-party claims until SSC and Quality complete arbitration. (*Id.*). SSC responded in opposition to the Motion to Dismiss on January 5, 2018. (Doc. No. 26).

---

[1] SSC's claim that Quality must indemnify SSC for any amounts SSC owes to Plaintiff does not alter the Court's analysis because that claim will not be ripe for adjudication until after the Plaintiff's claim against SSC are adjudicated. *See Stark v. Armstrong World Industries, Inc.*, 2001 WL 1217016 (6th Cir. Oct. 3, 2001).

## II.     APPLICABLE LAW

Quality asserts this Court should abstain from deciding SSC's state law claims and dismiss the third-party complaint, or stay the third-party complaint pending resolution of the state court action. (Doc. No. 22 at 6). The principles underlying the doctrine of abstention "rest on considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). While abstention from exercising federal jurisdiction is the exception and not the rule, in exceptional circumstances, "a federal district court may abstain. . . due to the existence of a concurrent state court proceeding…" *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 206 (6th Cir. 2001) (citing *Colorado River*, 424 U.S. at 817).

Before determining whether abstention is appropriate the Court must first determine whether the proceedings in the state and federal actions are parallel. *Crawley v. Hamilton County Comm'rs,* 744 F.2d 28, 31 (6th Cir. 1984). The state court proceedings need not be identical, merely "substantially similar." *Romine v. Compuserve Corp.,* 160 F.3d 337, 340 (6th Cir. 1998). There is also no requirement that the parties in the state court proceedings be identical to those in the federal case. *Heitmanis v. Austin,* 899 F.2d 521, 528 (6th Cir. 1990). After establishing the actions are parallel, the Court must examine whether the judicial economy warrants abstention. *Bates v. Van Buren Tp.*, 2004 WL 2792483, *3 (6th Cir. 2004). The Supreme Court has identified eight factors a district court must consider when deciding whether to abstain from exercising its jurisdiction due to the concurrent jurisdiction of a state court. *Romine,* 160 F.3d at 340-41 (collecting cases and factors).

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; ...

3

(4) the order in which jurisdiction was obtained[;] ... (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.

*Id.*

When considering these factors, the Court "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *PaineWebber, Inc.*, 276 F.3d at 207 (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)).

## III.    ANALYSIS

Quality argues SSC's breach of contract claims and violations of the Prompt Pay Act are identical to the violations set forth in the state court complaint. (Doc. No. 22 at 7). Quality argues the only claim asserted in the federal case and not in the State Court Action is the indemnity claim, which stems from SSC's allegation that Quality breached the Vanderbilt Subcontract and therefore flows from the same operative facts. (*Id.*).[2]

Based on the facts and claims in the federal third-party complaint and the state court complaint, the Court finds these cases are parallel. Both cases are principally about the same Subcontract entered into by the SSC and Quality, both cases involve the Vanderbilt Project, and in both cases SSC alleges Quality agreed to pay SSC's payroll after Quality failed to pay SSC for labor and services. (Doc. No. 17, 22-1). The fact that the state action complaint is broader, insomuch that it includes more claims, does not bar the Court from finding both actions are parallel.

---

[2] While SSC responds to Quality's Motion to Dismiss, the response does not address any of the arguments raised by Quality. Therefore, the Court is left to conduct an analysis on abstention based on Quality's motion and applicable law.

*See Bates v. Van Buren Tp.*, 2004 WL 2792483, *3 (6th Cir. 2004); *Garter Belt, Inc. v. Van Buren Township*, 2003 WL 21277358, *1 (6th Cir. 2003).

Further, the Court finds all of the factors weigh in favor of abstention. First, this case does not involve a res, so this factor is not applicable. Second, there is no reason to conclude the federal court of Nashville, Tennessee is more convenient because Quality and SSC are both domiciled in Shelby County, Tennessee. *Compare Colorado River Water Conservation Dist.,* 424 U.S. at 820 (noting that "the 300 mile distance between the District Court in Denver and the [relevant state court]" is a significant factor supporting abstention) *with Romine,* 160 F.3d at 341 (concluding that "we cannot find that the federal forum in this case is any less convenient than the state forum, since both actions are pending in courthouses in the same city").

Third, avoiding piecemeal litigation supports abstention because otherwise this Court would necessarily have to litigate the same issues being litigated in the Memphis Chancery Court. "As this is the very definition of creating piecemeal litigation—'where different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results,' *Romine*, 160 F.3d at 341—avoiding it in this case weighs in favor of the court's abstention." *Preferred Care of Delaware, Inc. v. VanArsdale*, 676 Fed. Appx. 388, 395 (6th Cir. 2017).

Fourth, the order in which jurisdiction was obtained supports abstention because SSC filed its claims in state court in August of 2016, well before filing the Third-Party Complaint in this action. "The priority relevant to assessing this factor is not to 'be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.'" *Preferred Care of Delaware, Inc.* 676 Fed. Appx. at 395-96 (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 (1983)).  By both these measures, the state

court has priority here: not only was the state suit filed first, but more importantly, the state court ruled on pivotal issues of whether SSC was entitled to payment and whether the claims under the Prompt Pay Act were subject to arbitration. (Doc. No. 26 at 5). Accordingly, this factor weighs in favor of abstention.

Fifth, the prevalence of state law issues in this case favors abstention. SSC brings no federal law claims, and both actions involve only state law claims. *See Epps v. Lauderdale Cnty.*, 139 F. Supp. 2d 859, 868 (W.D. Tenn. Oct. 3, 2000) (finding that the prevalence of federal law issues disfavored abstention, even though plaintiffs also brought state law claims, the source of law was primarily federal).

Sixth, the state court can adequately protects the federal plaintiff's rights; Shelby County Chancery Court can adjudicate SSC's state law claims. *See Degeeter v. McNeill*, 2007 WL 9706575, *4 (W.D. Tenn. Oct. 11, 2007).

Seventh, the progress of the state and federal proceedings favors abstention. SSC filed their third-party complaint more than a year after filing their claim in state court, and the state court has issued orders and ruled on motions. Meanwhile, SSC's federal action is still in the initial pleading stages, and a case and trial management order was only recently entered in March 2018. (Doc. No. 42, 43). *See Romine,* 160 F.3d at 342 (finding that the seventh factor supported abstention where the state court had entered several orders and the parties had begun discovery, whereas the federal action remained in the initial pleading stage as a result of the district court's decision to stay the proceeding before it).

Finally, the eighth factor, the presence concurrent jurisdiction, supports abstention because both federal and state court have concurrent jurisdiction over SSC's claims. "The fact that there is concurrent jurisdiction in this case has little bearing on abstention—except that it is within the

federal court's discretion to favorably weigh abstention in such circumstances." *Epps v. Lauderdale Cnty*, 139 F. Supp. 2d 859, 869 (W.D. Tenn. Oct. 2. 2000) (citing *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655,665 (1978)). The Court takes all the factors in its entirety and weighs this factor in favor of abstention. *PaineWebber*, 276 F.3d at 208-09 (stating "[i]ndeed the preceding discussion of the fifth factor clarifies that the eighth factor is insufficient to justify abstention despite concurrent jurisdiction in state and federal court where a congressional act provides the governing law and expresses a preference for federal litigation"). Here, there is no congressional act that requires federal court to hear this litigation, as a result the Court finds in favor of abstention for factor eight.

## IV.    CONCLUSION

Accordingly, the Court finds all factors support abstention and will abstain from exercising jurisdiction of the claims at set forth in SSC's Third-Party Complaint. (Doc. No. 17). Therefore, the claims set forth in SSC's Third-Party Complaint are **DISMISSED**, without prejudice. Quality's Motion to Dismiss for lack of subject matter jurisdiction and to compel arbitration of all claims is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE